UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Alonzo Darnell Cobbin,

    Petitioner,

v.                                                                            Civil Case No. 13-10104
                                                                                       (Criminal Case No. 10-20080)
United States of America,

                                                                                     Honorable Sean F. Cox

    Respondent.
_____/

## OPINION & ORDER
## GRANTING GOVERNMENT'S MOTION TO DISMISS § 2255 MOTION FILED BY DEFENDANT AS UNTIMELY

This matter is currently before the Court on the Government's Motion to Dismiss, seeking to dismiss Petitioner Alonzo Darnell Cobbin's ("Cobbin") Motion to Vacate Sentence, brought under 28 U.S.C. § 2255, as untimely. As explained below, the Court shall GRANT the Government's motion and dismiss Cobbin's § 2255 motion as untimely.

BACKGROUND

In this action, Cobbin was charged with drug trafficking and firearm-related offenses in a three-count indictment. (Docket Entry No. 3).

Cobbin entered into a Rule 11 Plea agreement with the Government and pleaded guilty to Count I of the Indictment, being a felon in possession of a firearm, on April 16, 2010. (*See* Rule 11 Plea Agreement, Docket Entry No. 14; docket entry on April 16, 2012 regarding guilty plea entered). The Rule 11 Plea Agreement that Cobbin entered into specifically provided that he waived the right to attack his sentence and conviction, including any proceeding under 28 U.S.C. § 2255. (Docket Entry No. 14 at 5).

This Court sentenced Cobbin on August 13, 2010, and the Judgment was issued on September 1, 2010. (Docket Entry No. 18).

Cobbin did not file a direct appeal of his conviction or sentence and the time permitting for doing so has long since passed.

On January 10, 2013, Cobbin filed a Motion pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence on multiple grounds. (Docket Entry No. 38).

Thereafter, on January 22, 2013, the Government filed the instant "Motion to Dismiss Defendant's Motion Filed Pursuant to 28 U.S.C. § 2255." (Docket Entry No. 41). Cobbin has not filed a response in opposition to the motion and the time for doing so has passed.

## ANALYSIS

The Government contends that Cobbin's §2255 Motion must be dismissed as untimely. The Court agrees.

"The Anti-Terrorism and Effective Death Penalty Act of 1996 ('AEDPA') provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)). As explained by the Sixth Circuit in *Cleveland*, under § 2244(d)(1):

> the one-year limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The Government has filed a motion seeking to dismiss Cobbin's Petition, noting that subsection (A) of §2244(d)(1) is the applicable provision under the circumstances presented here. (Govt.'s Motion at 2).

The Government correctly notes that Cobbin's conviction became final when the possibility of appellate review was exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) Cobbin was sentenced on August 13, 2010, and filed no direct appeal. Therefore, his conviction became final 10 days after judgment was entered (i.e., 10 days after September 1, 2010). *See United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). Cobbin's § 2255 Motion, which was not filed until January 10, 2013, is therefore time-barred.[1]

Thus, the Court concludes that Petitioner's application for habeas relief must be dismissed on procedural grounds.

The Court also concludes that a certificate of appealability should not issue. When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

---

[1] The Court further concludes that equitable tolling does not apply here because Plaintiff, who pleaded guilty to being a felon in possession of a firearm, has not asserted a credible claim of actual innocence.

procedural ruling." *Slack v. Daniel*, 529 U.S. 473, 484-85 (2000). This Court does not believe that reasonable jurists would find it debatable as to whether this Court is correct in its procedural ruling. The Court shall therefore decline to issue a certificate of appealability.

## CONCLUSION & ORDER

Accordingly, IT IS ORDERED that the Government's Motion to Dismiss is GRANTED and Cobbin's § 2255 Motion is hereby DISMISSED.

IT IS FURTHER ORDERED that this Court DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY.

IT IS SO ORDERED.


Dated: March 26, 2013                             S/ Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Court Judge


I hereby certify that on March 26, 2013, the foregoing document was served upon counsel of record by electronic means and upon Alonzo Darnell Cobbin by First Class Mail at the address below:

Alonzo Darnell Cobbin #44221-039
Schuylkill Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 759
Minersville, PA 17954


Dated: March 26, 2013                             S/ J. McCoy
                                                  Case Manager

4